UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CRISTOBAL MENDEZ,

       Petitioner,

   v.                                Case No.:  2:26-cv-01394-SPC-DNF

FLORIDA SOFT SIDE SOUTH,

       Respondent,

                                         /

## <u>OPINION AND ORDER</u>

Before the Court are petitioner Cristobal Mendez's Petition for Writ of Habeas Corpus (Doc. 1) and the government's response (Doc. 12).  For the below reasons, the Court grants the petition.

Mendez is a native of Cuba who was paroled into the United States on December 19, 1995.  An immigration judge ordered Mendez removed to Cuba on July 22, 2019, after a controlled substance conviction.  Immigration and Customs Enforcement released Mendez under an order of supervision on August 22, 2019.  Local police arrested Mendez for another drug charge on October 17, 2025.  ICE issued an immigration detainer two days later and took custody of Mendez on March 3, 2026.

Mendez claims his detention is unlawful because removal is not likely in the reasonably foreseeable future.  He also asserts ICE violated his right to procedural due process by detaining him without an opportunity to

demonstrate he should not be detained.  The government argues detention is presumptively reasonable, but it does not address Mendez's procedural due process claim.

"Once a noncitizen's order of removal becomes administratively final, the Government 'shall' remove the person within 90 days." *Singh v. U.S. Attorney Gen.*, 945 F.3d 1310, 1313 (11th Cir. 2019) (quoting 8 U.S.C. § 1231(a)(1)(A)). The government must detain the noncitizen during the 90-day removal period, which begins when the removal order becomes administratively final.  *Id.* Detention may continue after the removal period, but not indefinitely.

In *Zadvydas*, the Supreme Court held, "if removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute."  533 U.S. at 700-01 (2001).  If removal is not practically attainable, detention no longer serves its statutory purpose of "assuring the alien's presence at the moment of removal."  *Id.* at 699.  The Court found it unlikely Congress "believed that all reasonably foreseeably removals could be accomplished in [90 days]."  *Id* at 701.  So, "for the sake of uniform administration in the federal courts," it established a "presumptively reasonable period of detention" of six months—the 90-day removal period plus an additional 90 days.  *Id.*  Courts use a burden-shifting framework to judge the constitutionality of additional post-removal detention:

> After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut the showing.

*Id.*

The respondents argue Mendez's petition is premature because his current detention has not exceeded 180 days. They assume a six-month presumptively reasonable period of detention starts each time a noncitizen is detained. That assumption is inconsistent with *Zadvydas*. It would effectively allow DHS to detain noncitizens indefinitely and avoid judicial scrutiny by releasing and re-detaining them every 180 days. As the Eleventh Circuit recognized, "[t]he Supreme Court's stated rationale for establishing a presumptively reasonable '6-month period' for detention pending removal supports our conclusion that this period commences at the beginning of the removal period." *Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 n.3 (11th Cir. 2002).

Because the six-month period for presumptively reasonable detention has expired, *Zadvydas*'s burden-shifting framework applies. Mendez has carried his initial burden by showing a good reason to believe there is no significant likelihood of removal in the reasonably foreseeable future. The government was unable to remove him in 2019, and there is no agreement

between Cuba and the U.S. that could pave the way for his repatriation. The burden thus shifts to the respondents, but they make no attempt at rebuttal.

Mendez also claims ICE violated his procedural due process rights by failing to give him an opportunity to challenge the reason for his detention. The government did not respond to that claim, and its exhibits do not include any evidence that ICE provided written notice of the reasons for revocation of release or a prompt informal interview to afford Mendez an opportunity to contest those reasons. *See* 8 C.F.R. § 241.4(l) and 8 C.F.R. § 241.13(i). Thus, the Court also finds that ICE violated Mendez's right to procedural due process.

The Court finds no significant likelihood Mendez will be removed in the reasonably foreseeable future. He is entitled to release from detention under *Zadvydas*. ICE failure to afford procedural due process also makes Mendez's detention unlawful. If removal becomes likely in the reasonably foreseeable future, ICE can detain Mendez to "assur[e] [his] presence at the moment of removal." *Zadvydas*, 533 U.S. at 680. In that event, ICE must comply with applicable due process requirements.

Accordingly, it is hereby

**ORDERED:**

Cristobal Mendez's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED**.

1. The respondents shall release Mendez within 24 hours of this Order and give him telephone access so he can arrange transportation from the facility.

2. The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close this case.

**DONE AND ORDERED** in Fort Myers, Florida on May 13, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies:  All Parties of Record